UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICIA ALELI GALVAN,

                              Petitioner,

        v.

ICE FIELD OFFICE DIRECTOR,

                              Respondent.

Case No. 2:26-cv-01007-TMC

ORDER DENYING PETITION FOR WRIT
OF HABEAS CORPUS

Petitioner Patricia Aleli Galvan is detained at the Northwest Immigration and Customs

Enforcement Processing Center ("NWIPC") in Tacoma, Washington. She petitions the Court

under 28 U.S.C. § 2241 for relief from physical custody or a bond hearing. Dkt. 9. For the

reasons stated below, the Court DENIES the petition WITHOUT PREJUDICE.

## I.   BACKGROUND

Petitioner is a native and citizen of Mexico[1] who became a lawful permanent resident on

October 13, 2017. Dkt. 7-2 at 4. Petitioner is married to a U.S. citizen with whom she has four

U.S. citizen children. Dkt. 7-2 at 2–3. On July 31, 2024, Petitioner was convicted in the U.S.

---

[1] A declaration submitted by Respondents states that Petitioner is a native and citizen of Mexico, Dkt. 6 ¶ 3, while Petitioner's immigration records state that she was born in Reynosa, Mexico but also that biometric data "confirmed [Petitioner] as a citizen and national of Guatemala." Dkt. 7-2 at 2, 4.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

District Court for the Southern District of Texas for one count of "possession with intent to distribute over 100 grams of a mixture or substance containing a detectable amount of heroin" and one count of conspiracy to commit the same offense. Dkt. 6 ¶ 5; Dkt. 7-1 at 2. Petitioner was sentenced to twelve months imprisonment and, on January 21, 2026, she finished her sentence and was transferred to Immigration and Customs Enforcement ("ICE") custody at NWIPC. Dkt. 6 ¶¶ 5–6. ICE served Petitioner with a Notice to Appear ("NTA") charging her as removable under the Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii) for being "convicted of an aggravated felony at any time after admission." Dkt. 7-3; Dkt. 6 ¶ 7.

Petitioner filed her petition on March 23 and Respondents responded on April 8, 2026. Dkts. 1, 5. On April 13, the Court found that it lacked jurisdiction over Petitioner's case because she did not name her current custodian, the warden of NWIPC, as a respondent. Dkt. 8. Petitioner amended the petition and cured this issue on April 24. Dkt. 9. Respondents then notified the Court that they intended to rely on their previously-filed return in opposition to the amended petition. Dkt. 11.

On May 4, an immigration judge ("IJ") found Petitioner removeable to Mexico but granted deferral of removal under the Convention Against Torture ("CAT"). Dkt. 12 at 2, 4. The Department of Homeland Security ("DHS") reserved its right to appeal the IJ's order, while Petitioner waived appeal. *Id*. at 5. Petitioner did not file a traverse.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

### III.    DISCUSSION

Petitioner is detained pursuant to 8 U.S.C. § 1226(c), which subjects noncitizens in removal proceedings to mandatory detention if they have committed certain types of criminal offenses. *See Avilez v. Garland*, 69 F.4th 525, 530 (9th Cir. 2023). The detention authority of § 1226(c) lasts through the judicial review phase of removal proceedings. *Id*. at 535–37. In contrast, detention authority under 8 U.S.C. § 1231(a) for noncitizens with a final order of removal "begins only after judicial review." *Id*. at 537. Because DHS reserved its right to appeal the IJ's decision, Dkt. 12 at 5, that decision is not administratively final and § 1226(c) applies for now. *Khakimova v. Warden of Otay Mesa Det. Ctr.*, No. 3:26-CV-00795-RBM-MSB, 2026 WL 747422, at *2 (S.D. Cal. Mar. 17, 2026); 8 C.F.R 1003.39 ("[T]he decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first.")

The Ninth Circuit, in *Rodriguez v. Robbins*, initially held that those detained pursuant to 8 U.S.C. § 1226(c) would be entitled to "automatic bond hearings after six months of detention." 804 F.3d 1060, 1085 (9th Cir. 2015). The *Rodriguez* court reasoned that, to avoid the serious constitutional problem of a statute permitting indefinite detention, the mandatory language of § 1226(c) could be construed to "contain an implicit reasonable time implication." *Id.* at 1069 (quoting *Zadvydas*, 533 U.S. at 682). The Supreme Court reversed this decision in *Jennings v. Rodriguez*, holding instead that the plain text of § 1226(c) "mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." 583 U.S. 281, 305−06 (2018). The Court declined to reach the question whether such mandatory, indefinite detention would violate due process, and instead remanded the due process claims to the Ninth Circuit for consideration in the first instance. *Id.* at 312.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

On remand, the Ninth Circuit instructed district courts to determine the "minimum requirements of due process" when considering procedural due process claims challenging detention under 8 U.S.C. § 1226(c). *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018). Since then, a "majority of district courts" consider "a number of factors to determine whether a noncitizen's mandatory detention under 1226(c) violates due process." *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *7 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (collecting cases). Those factors include:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal.

*Id.*

The first factor, "length of detention," is "the most important factor." *Id.* at *9. Petitioner has been detained since January 21, 2026—about four months. Dkt. 6 ¶ 6; Dkt. 9 at 1. This amount of time is consistent with the "brief" period authorized in *Demore v. Kim*. 538 U.S. 510, 531 (2003) (noting that detentions where the IJ's order is appealed take "an average of four months" and holding that six months of detention under § 1226(c) did not constitute a due process violation)[2]; *see Odimara v. Bostock*, No. 2:24-CV-572-JHC-GJL, 2024 WL 3862256, at

---

[2] "Thirteen years after the decision in *Demore*, the government admitted that the figures it provided to the Court, and which the Court relied on, contained 'several significant errors.'" *Rodriguez v. Nielsen*, No. 18-cv-04187-TSH, 2019 WL 7491555, at *5 (N.D. Cal. Jan. 7, 2019) (citations omitted). "[I]n cases in which an appeal *was* filed, in most years the *average* length of detention was more than 300 days, or more than double the five-month estimate the Court relied on in *Demore*." *Id*. When the United States Government Accountability Office conducted a study, "it found that as of 2015, the median length of time it takes the BIA to complete an appeal of a removal order exceeds 450 days." *Id*.

*6 (W.D. Wash. July 12, 2024), *report and recommendation adopted*, 2024 WL 3859703 (W.D. Wash. Aug. 19, 2024) (because six-month detention had "reached—but not yet exceeded—the brief period of detention upheld in *Demore*," the first *Martinez* factor fell neutral or "slightly in favor" of a bond hearing); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-CV-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (five months of detention had "not yet reached the length of time many courts have found to be unreasonable"); *Perro v. Mullin*, No. 2:26-CV-00847-TL, 2026 WL 982803, at *4 (W.D. Wash. Apr. 13, 2026) (finding that "no court in this District has ever found a three-month detention unreasonably prolonged" and collecting cases). Petitioner's four-month detention favors Respondents.

Petitioner does not present any argument as to the remaining seven factors. It is unclear whether Petitioner's detention under 1226(c) will end on June 3, 2026 (the last day for DHS to file its appeal) or after additional steps of judicial review. If Respondents appeal the IJ's order, Petitioner could be detained for several more months—possibly longer than the twelve months that she served for her drug conviction. *Rodriguez v. Nielsen*, 2019 WL 7491555, at *5. In that case, several of the *Martinez* factors may favor Petitioner. But as of now, "[b]ecause the most important factor weighs so clearly in Respondents' favor, and because Petitioner has not made an argument, let alone a showing, as to the other [seven], Petitioner does not, as pleaded, indicate a due-process violation arising from the length of Petitioner's detention under Section [1226(c)]." *Perro*, 2026 WL 982803, at *5.[3]

---

[3] Once judicial review is complete and the IJ's order is administratively final, 8 U.S.C. § 1231(a) authorizes Petitioner's detention pending her removal. This detention is also subject to due process constraints—the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 5

## IV.   CONCLUSION

For these reasons, the Court DENIES the petition for writ of habeas corpus WITHOUT PREJUDICE. Dkt. 9.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of May, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 6